IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERESA McCOY,<br><br>　　　　　Plaintiff,<br>　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | CIVIL ACTION NO. 2:14-cv-1197-SRW |

## MEMORANDUM OPINION

Plaintiff Teresa McCoy seeks review of a final adverse decision of the Commissioner denying her claim for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. Plaintiff's claims were denied at the initial administrative level, and again after a hearing before an Administrative Law Judge ("ALJ"). The Appeals Council ("AC") denied Plaintiff's request for review; thus, the ALJ's decision became the final decision of the Commissioner. Plaintiff's case is ripe for review. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3). Pursuant to 28 U.S.C. § 636(c)(1) and Rule 73.1 of the Local Rules for this district court, the parties have consented to entry of a final judgment by the undersigned Magistrate Judge. Based on its review of the record and the relevant law, the court finds that the decision of the Commissioner is due to be reversed.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*,

1

402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact de novo, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions de novo because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment"

that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

> (1) whether the claimant is currently employed;
> (2) whether the claimant has a severe impairment;
> (3) whether the claimant's impairment meets or equals an impairment listed by the Commissioner;
> (4) whether the claimant can perform his or her past work; and
> (5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## DISCUSSION

Plaintiff applied for benefits on December 5, 2011, alleging a disability onset date of January 1, 2010. Plaintiff was 42 years old at the time of the ALJ's decision on August 12, 2013. Tr. 10, 130. She had a high school diploma and some college education. Tr. 25. She previously

worked as an assembler, fast food cashier, and poultry worker. Tr. 33, 171. The ALJ found at step one that plaintiff had not engaged in substantial gainful activity since her alleged onset date. Tr. 12. At step two, the ALJ determined that plaintiff suffers from the severe impairments of hypertension and obesity. Tr. 12. Plaintiff also alleged that she was limited in her ability to work by diabetes, congestive heart failure ("CHF"), and shortness of breath. Tr. 12-13. The ALJ found plaintiff's diabetes nonsevere, and also found that plaintiff did not have a medically determinable impairment of CHF and shortness of breath, but he considered plaintiff's CHF in conjunction with her hypertension. Tr. 13. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. Tr. 13. He found that plaintiff has the residual functional capacity ("RFC") to perform light work with environmental limitations of avoiding hazards, dangerous machinery, and heights. Tr. 13, 15. The ALJ determined at step four that plaintiff can perform her past work as a poultry worker and assembler. Tr. 16. The ALJ also proceeded to step five and found that there are other jobs that exist in significant numbers in the national economy that plaintiff can perform. Tr. 17. Thus, the ALJ determined that plaintiff was not disabled from January 1, 2010, through the date of the decision, August 12, 2013. Tr. 18.

Plaintiff presents the following issues for the court's review:

- The ALJ failed to consider the combined effect of all of the claimant's impairments in determining severity.
- The ALJ erred in failing to consult with a medical expert regarding the claimant's RFC since the record was devoid of any analysis [or any recent analysis].
- The ALJ erred in ignoring, without explanation, the opinions and findings of the claimant's treating physician as to his/her functional limitations.
- The ALJ erred in according inadequate weight to the opinion of the claimant's treating physician.

Doc. No. 13, at 4-9. Plaintiff argues, among other things, that the ALJ should have referred plaintiff for a consultative examination or re-contacted[1] her treating physician, Anurag Kumbham, M.D., and that the ALJ's decision does not sufficiently account for plaintiff's inability to pay for her medical treatment.

The claimant bears the burden of proving that [she] is disabled, and, consequently, [she] is responsible for producing evidence in support of [her] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam). Nevertheless, social security proceedings "are inquisitorial rather than adversarial." *Sims v. Apfel*, 530 U.S. 103, 111 (2000). The ALJ thus has the responsibility "to investigate the facts and develop the arguments both for and against granting benefits." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 400-01 (1971)). The ALJ must specifically "develop the claimant's complete medical history for at least the 12 months preceding the month in which the application was filed, and . . . make every reasonable effort to help a claimant get medical reports from the claimant's own medical sources when permission is given." *Robinson v. Astrue*, 235 F. App'x 725, 727 (11th Cir. 2007) (citing 20 C.F.R. § 416.912(d)). The ALJ may order a consultative examination but "is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007) (citing *Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001)). The ALJ's duty to "fully and fairly develop the record," *Cowart v. Schweiker*, 662 F.2d 731, 735-36 (11th Cir. 1981), exists whether or not the applicant is represented. *Brown v. Shalala*, 44 F.3d

---

[1] Plaintiff erroneously relies on outdated regulations making it mandatory to re-contact a treating physician to resolve inconsistencies in the record. Doc. No. 13, at 7 (citing 56 Fed. Reg. 36950-51 (Aug. 1, 1991)). The rule changed in 2012, and the ALJ now has discretion as to whether to re-contact a treating physician. *See* How We Collect and Consider Evidence of Disability, 77 Fed. Reg. 10651-01 (Feb. 23, 2012). Under the new rule, the agency "may recontact your treating physician" when "the evidence is consistent but we have insufficient evidence to determine whether you are disabled." 20 C.F.R.§§ 404.1520b(c)(1), 416.920b(c)(1).

931, 934 (11th Cir. 1995) (per curiam). Where, as here, plaintiff was not represented by an attorney and did not waive counsel,[2] the ALJ had a heightened duty to ensure that the record was fully developed before making his findings. *See id.* at 935-36 (holding that claimant did not have a full and fair hearing because evidentiary gaps caused him prejudice); *Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982).

The court concludes that the record in plaintiff's case did not contain sufficient evidence for the ALJ to make an informed decision regarding plaintiff's disability. The incompleteness of the record in part stems from plaintiff's alleged financial inability to pay for her medical testing and treatment. "When the ALJ 'primarily if not exclusively' relies on a claimant's failure to seek treatment, but does not consider any good cause explanation for this failure, this court will remand for further consideration." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1268 (11th Cir. 2015) (quoting *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003)) (further citations omitted). "However, if the ALJ's determination is also based on other factors, such as RFC, age, educational background, work experience, or ability to work despite the alleged disability, then no reversible error exists." *Id.* (citing *Ellison*, 355 F.3d at 1275).

Here, the ALJ primarily relied on plaintiff's lack of treatment to find that her alleged diabetes is not a severe impairment, to decide that her alleged CHF is not a medically determinable impairment, to note gaps in her treatment of hypertension and obesity, and to determine that her allegations of limitations are less than fully credible. Tr. 13-16. The ALJ found that plaintiff's diabetes was non-severe because her medical records from 2003 to 2007 show no treatment for diabetes, she self-reported in November 2011 that she was borderline

---

[2] Plaintiff states that her lawyer abandoned her case. Doc. No. 13, at 5, 8. The ALJ postponed the initial hearing after Plaintiff's counsel withdrew. Plaintiff did not secure counsel for the rescheduled hearing on June 6, 2013, and the ALJ proceeded without counsel. Plaintiff appeared alone at the hearing, and the ALJ told her, "Everybody has a right to get [a representative], and that was explained to you, and we put the case off for you who—so we have— we're obliged to go forward this morning." Tr. 24.

diabetic, she made only "sporadic complaints of discomfort," and she was not treated for diabetes during the time period. Tr. 13. But the ALJ did not note the fact that at plaintiff's November 16, 2011 visit to Quitman Health Care, she declined lab testing for diabetes because of the cost. Tr. 304-05. As to plaintiff's alleged CHF, the ALJ did not find this to be a medically determinable impairment because plaintiff declined testing and "the record does not contain any testing to confirm the presence of CHF." Tr. 13. However, the ALJ never investigated whether plaintiff declined laboratory testing for CHF on November 16, 2011 for the same reason that she denied diabetes testing – that is, because of the cost. Tr. 305.[3] With regard to hypertension, the ALJ also did not note that on November 22, 2011, plaintiff again declined laboratory testing for hypertension because of the cost. Tr. 307.[4] The ALJ had the opportunity at the hearing – which lasted only 11 minutes, Tr. 22-35 – to ask plaintiff about the effect of her lack of finances on her ability to comply with recommended testing and treatment, but the ALJ did not do so. Plaintiff was thus potentially prejudiced by her lack of counsel and the ALJ's failure to develop the record regarding documentation supporting plaintiff's application for disability benefits. *See Brown*, 44 F.3d at 935-36 ("The lack of medical and vocational documentation supporting an applicant's allegations of disability is undoubtedly prejudicial to a claim for benefits. We have no way of knowing whether the evidence missing from this case would sustain Brown's contentions of her inability to work.").

The ALJ also found that the record included no documentation of treatment since December 2011. Tr. 15. However, plaintiff testified at the hearing that she had a bout of CHF in

---

[3] Further, on November 16, 2011, plaintiff's urine showed proteinuria, but plaintiff declined a referral to nephrology, and she was advised to go to the emergency room for any chest pain or worsening shortness of breath. Tr. 304.
[4] Plaintiff was also warned of the "relationship of uncontrolled HTN [hypertension] to renal/cardiac function and indications her SOB [shortness of breath] is result of heart failure and/or renal dysfunction." Tr. 305.

November 2012 and spent three days in the hospital in April 2012 to address her hypertension. Tr. 27-28.

In reversing, the court makes a few additional observations. Plaintiff maintains that the ALJ ignored or gave inadequate weight to the opinions of Dr. Kumbham and Carmen C. Trawick, A.P.R.N.,[5] whereas the Commissioner contends that the ALJ considered them. Doc. No. 13, at 8; Doc. No. 16, at 12. In fact, the ALJ did not specifically say what weight he gave to these opinions, which may account for the parties' disagreement; this omission makes it difficult for a reviewing court to determine whether the ALJ's decision is rational and supported by substantial evidence. *See Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) ("In assessing the medical evidence in this case, the ALJ was required to state with particularity the weight he gave the different medical opinions and the reasons therefor."). Plaintiff testified that she could sit or stand for only one hour at a time, Tr. 31, but the ALJ did not specifically explain why this testimony was not credible, and instead simply found she could sit or stand for six hours at a time, as required by light work. Tr. 16. At the hearing and in determining the RFC, the ALJ also did not address the discrepancy between the amount that plaintiff testified she could lift (100 pounds), compared to what the agency determined (50 pounds). Tr. 31, 42, 50.

## CONCLUSION

Accordingly, for the reasons discussed, the decision of the Commissioner will be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) by separate judgment so that the Commissioner can conduct additional proceedings consistent with this opinion. Because of this conclusion, the court does not address the remaining issues raised by

---

[5] Plaintiff asserts that Dr. Kumbham adopted the opinions of Nurse Trawick by signing off on Nurse Trawick's medical progress notes from November 16, November 22, and November 30, 2011. Doc. No. 13, at 5; Tr. 303-08. In addition, Dr. Kumbham personally treated Plaintiff's hypertension on December 7, December 14, December 21, and December 30, 2011, and he conducted an eye exam in connection with her diabetes on December 9, 2011 Tr. 309-13.

plaintiff. The court expects that the Commissioner will consider plaintiff's arguments as to those issues on remand, and will develop the record as is necessary in areas not expressly considered in this opinion.

DONE, this the 14th day of September, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge
